UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Milagros Alverio, | |
| Plaintiff, | 19-cv-06298 (LJL) (SDA) |
| -against- | REPORT AND RECOMMENDATION |
| Commissioner of Social Security, | |
| Defendant. | |

STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.

TO THE HONORABLE LEWIS J. LIMAN, UNITED STATES DISTRICT JUDGE:

## INTRODUCTION

On May 28, 2025, Plaintiff Milagros Alverio ("Plaintiff") moved against the Defendant Commissioner of Social Security ("Commissioner") for attorney's fees, pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b). (Pl.'s 5/28/25 Not. of Mot., ECF No. 26.) Pursuant to written contingency fee agreements between Plaintiff and Daniel Berger, Esq. ("Attorney Berger"), Plaintiff agreed to pay Attorney Berger twenty-five percent of her past due benefits pursuant to 42 U.S.C. § 406(b). (Retainer Agmts., ECF No. 27-1 & 27-2, ¶ 1.) By Notice of Award, dated May 20, 2025, the Social Security Administration ("SSA") calculated past-due benefits for Plaintiff and stated that it was withholding $25,515.00 (*i.e.*, 25 percent of the benefits) in order to pay the approved attorney's fees. (5/20/25 Not. of Award, ECF No. 27-5, at 1.)

For the reasons set forth below, it is respectfully recommended that Attorney Berger's motion be GRANTED, that Attorney Berger be awarded attorney's fees in the amount of $25,515.00, and that Attorney Berger be ordered promptly to refund to Plaintiff the sum of

$6,500.00, which is the amount of attorney's fees previously paid to Attorney Berger under the Equal Access to Justice Act ("EAJA"). (*See* 10/8/20 Stip. & Order, ECF No. 25.)

**DISCUSSION**

## I.    Legal Standards

Section 206(b)(1)(A) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"Most plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when

it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (internal citations omitted).

To assess the reasonableness of a contingency fee, a court must first "'determine whether the contingency percentage is within the 25% cap' and . . . 'whether there has been fraud or overreaching in making the agreement.'" *Fields*, 24 F.4th at 853 (quoting *Wells*, 907 F.2d at 372). A court then considers the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id*. (quoting *Gisbrecht*, 535 U.S. at 808) (cleaned up).

## II.   **Application**

As set forth above, Plaintiff and Attorney Berger entered into fee agreements under which Plaintiff agreed to pay Attorney Berger 25% of past-due benefits if the litigation was successful. (*See* Retainer Agmts. ¶ 1.) The Court finds that the fee award sought is reasonable under § 406(b). First, Attorney Berger's requested fee meets, but does not exceed, the 25% statutory cap and there is no evidence or suggestion of fraud or overreaching. *See Gisbrecht*, 535 U.S. at 808. Turning to the reasonableness factors, the Court finds that the fee is in accordance with the character of the representation and the results achieved. After bringing this action to challenge the denial of benefits, Attorney Berger reviewed the more-than 883-page administrative record (ECF No. 14), filed a 25-page memorandum of law (ECF No. 77) and achieved a remand the case to the SSA for further proceedings. Back before the SSA, the ALJ found Plaintiff to be disabled and

entitled to receive benefits. Such a result was far from certain given that Plaintiff previously had been denied benefits. In addition, nothing in the record indicates that Attorney Berger caused any unreasonable delay in this action.

Finally, with respect to the so-called "windfall" factor, the Court finds that Attorney Berger's requested fee of $25,515.00 is not inappropriately large in light of the 25.3 hours that Attorney Berger devoted to the case at the federal level and the successful result that he achieved. (*See* Berger Aff., ECF No. 27, ¶ 13; *see also* Time Records, ECF Nos. 27-3 & 27-4.) For purposes of evaluating the "windfall" factor, the Second Circuit has instructed courts to look beyond the *de facto* hourly rate and to assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship with the claimant," (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.

Attorney Berger has spent many years exclusively litigating Social Security cases in this District and possesses the requisite ability and expertise in this field. (*See* Berger Aff. ¶ 14.) Courts within the Second Circuit routinely endorse 20 to 40 hours for work performed by counsel in Social Security disability cases. *See Bass v. Kijakazi*, No. 16-CV-06721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022). Thus, the Court finds that the hours spent were reasonable. Additionally, the Court has no reason to believe that Plaintiff is in any way dissatisfied with the results of counsel's representation.

Moreover, "[l]awyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do"; accordingly, when operating with a contingency agreement like the one at issue here, "payment for an attorney in

a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Fields*, 24 F.4th at 855-56 (cleaned up). The award amount sought here appropriately reflects this risk.

Turning to the *de facto* rate—which is not dispositive, *see Fields*, 24 F.4th at 854—counsel effectively would be compensated here at an hourly rate of $1008.49 ($25,515.00 ÷ 25.3). This rate is well within the range of *de facto* hourly rates approved by courts within this Circuit and is less than the $1,556.98 de facto hourly rate approved by the Second Circuit in *Fields*. *See id*. at 854-57.

Although attorneys may file for both EAJA and Section 406(b) fees, "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. Therefore, upon receipt of his Section 406(b) fee award, Plaintiff's counsel should refund to Plaintiff the sum of $5,500.00. (*See* Pl.'s Mem., ECF No. 28, at 5.)

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's counsel's motion for attorney's fees be GRANTED, that Plaintiff's counsel be awarded $25,515.00 in fees and that, upon receipt of this sum, Plaintiff's counsel should refund the previously paid EAJA fees of $6,500.00 directly to the Plaintiff.

Dated:      New York, New York
            June 19, 2025

_____
STEWART D. AARON
United States Magistrate Judge

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Liman.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).